

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00581-CV

Claudia **CHAVEZ**,
Appellant

v.

**ALLIED TRUST INSURANCE COMPANY** and Zach Socia,
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-06083
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Lori Massey Brissette, Justice
               Velia J. Meza, Justice

Delivered and Filed: July 29, 2026

DISMISSED FOR LACK OF JURISDICTION

This is an appeal from an order granting a motion for summary judgment. Because we conclude the order is not final or otherwise appealable, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND[1]

In March 2023, Appellant Claudia Chavez's property was damaged by a wind and hailstorm. Chavez filed an insurance claim with her insurer, Allied Trust Company. Allied Trust dispatched Zach Socia, an independent third-party adjuster, to investigate the claim. After the inspection, Allied Trust estimated the cost of repairs to be $10,790.79, with net payments of $5,761 after accounting for Chavez's deductible.

On July 28, 2023, Chavez finalized the repairs to her property, which came out to a total of $32,718.29. On August 16, 2023, Allied Trust advised that the replacement cost value of the repairs was $10,986.94 and, after accounting for the prior payment, issued a payment of $2,515.32. On January 17, 2024, Chavez sent a demand letter asking for $27,721.67, which Allied Trust responded to by appointing another appraiser. Chavez filed suit against Allied Trust Company and Zach Socia on March 20, 2024, and pled breach of contract, deceptive trade practices, prompt payment violations and common-law bad faith. Allied Trust filed a motion to dismiss Socia as a defendant, which the trial court never ruled on. After the appraisal was completed, Allied Trust determined it had overpaid Chavez by $2,556.42.

On August 23, 2024, Allied Trust filed a counterclaim seeking return of the overpayment amount. Allied Trust then moved for summary judgment on Chavez's claims based on the independent appraisals that zeroed out the insurance claim. Chavez filed a motion to set aside the appraisal. Both were consolidated for hearing on November 20, 2024.

A month after the hearing, counsel for both parties received an email from the trial court stating an intention to grant Allied Trust's motion. Chavez filed a notice of appeal, which was

---

[1] This litigation has not proceeded to a final judgment and thus our recitation here comes from the pleadings and is intended only to give background on the parties and claims at issue. Given our disposition of this appeal, we express no opinion on the merits of any issue other than appellate jurisdiction.

dismissed due to a lack of final judgment. *Chavez v. Allied Tr. Ins. Co.*, No. 04-25-00038-CV, 2025 WL 2331488 (Tex. App.—San Antonio Aug. 13, 2025, no pet.) (mem. op.). On August 15, 2025, the trial court signed an order granting Allied Trust's motion, from which Chavez now appeals.

### DISCUSSION

Before we may address Chavez's appellate arguments, we must consider Allied Trust's motion to dismiss based on our lack of appellate jurisdiction. In its motion, Allied Trust argues that Chavez's claims against Zach Socia remain unresolved and thus there is no final, appealable judgment.

A court may not address the merits of a claim if it lacks jurisdiction to do so. *State v. $92,235.00 in U.S. Currency,* 390 S.W.3d 289, 291–92 (Tex. 2013). The record must establish the appellate court's jurisdiction, otherwise the appeal must be dismissed. TEX. R. APP. P. 42.3. "Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). A judgment that is not rendered after a conventional trial on the merits is final "if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

The orders being appealed from (1) grant Allied Trust's motion for summary judgment, (2) deny Chavez's motions to set aside the appraisal award, and (3) deny Chavez's objections to summary judgment evidence. These orders have the cumulative effect of granting a take-nothing judgment as to Chavez's claims against Allied Trust. Remaining, however, are Chavez's claims

against Zach Socia and Allied Trust's counterclaim for overpayment against Chavez. The order lacks any language indicating finality or appealability.

We conclude there is no final judgment in this cause. *See Lehmann*, 39 S.W.3d at 192–93. Therefore, we dismiss this appeal for lack of jurisdiction.

Velia J. Meza, Justice